IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS GOSSETT, Plaintiff, | ) | |
| vs. | ) | Civil Action No. 06-1583 |
| | ) | Judge Cercone |
| NOVA CHEMICAL, INC., Defendant. | ) | Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of the defendant (Docket No. 3) be denied.

II. Report

Plaintiff, Dennis Gossett, brings this action against Defendant, NOVA Chemical, Inc. (NOVA), asserting a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1100-1145 (ERISA). He alleges that NOVA breached its fiduciary duties to him by providing false information in response to his inquiries regarding the status of a retirement incentive plan, failing to provide information about the plan, inducing him to retire prior to the date it publicly announced the availability of the plan and failing to provide him benefits under the plan.

Presently before this Court for disposition is a motion to dismiss brought by the Defendant. For the reasons that follow, the motion should be denied.

Facts

Plaintiff was employed by NOVA for a period of 39 years and retired from his

employment effective December 31, 2005 at the age of 57. Prior to retiring, he repeatedly asked his supervisor whether NOVA would be offering any retirement incentive benefits to its retirement plan which would be available if he deferred his retirement date beyond December 31, 2005. He was consistently informed that no retirement benefit plan was under consideration and, relying on this information, Plaintiff retired effective December 31, 2005. (Compl. ¶¶ 5-9.)

Plaintiff alleges, however, that throughout 2005, NOVA was preparing a major corporate restructuring plan to take effect in 2006 and the plan included the establishment of a retirement plan providing incentive benefits to eligible participants. In a July 17, 2006 memorandum, eligible participants were provided the terms of this plan. The plan provided retirement incentives to participants who were non-union, salaried employees age 55 and over with at least one year of service prior to December 31, 2006 and thus, Plaintiff would have been a qualified participant. (Compl. ¶¶ 10-15 & Ex. A.)

Plaintiff alleges that, although the memorandum speaks of "accepted applicants" when the plan was implemented, it was in fact administered by NOVA so that all employees over 55 automatically had the option to immediately retire and receive a one-time lump sum incentive retirement allowance. He further alleges that NOVA administered the plan without discretion with respect to which participants were eligible to receive the one-time lump sum retirement incentive allowance. (Compl. ¶¶ 16-18.)

Procedural History

Plaintiff filed this action on November 28, 2006. He alleges that Defendant breached its fiduciary duties to him by providing false information in response to his inquiries regarding the status of the retirement incentive plan, failing to provide information about the plan, inducing

him to retire prior to the date it publicly announced the availability of the plan and failing to provide him benefits under the plan.

Plaintiff also alleges that Defendant denied his request for his one time lump sum retirement benefit allowance and he seeks damages in the amount of $95,224.64, plus interest and attorney fees.  On February 6, 2007, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  NOVA argues that: 1) the retirement incentive plan on which the Plaintiff's claim is based is not an ERISA plan, and therefore the Court lacks subject matter jurisdiction over this case; and 2) he cannot state a claim because he cannot seek monetary damages under any of the sections of ERISA that could potentially apply to this case.

Motion to Dismiss Pursuant to Rule 12(b)(1)

Dismissal for lack of subject matter jurisdiction is not appropriate on the ground that a complaint fails to state a claim upon which relief can be granted, but only if the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1280-81 (3d Cir. 1993) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)).  "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) (citation omitted).

Defendant argues that the retirement incentive plan requires a one-time lump sum payment and is not an ERISA plan, and therefore the Court lacks subject matter jurisdiction over this case.  Plaintiff responds that the plan does not just involve a one-time lump sum payment but rather creates significant ongoing administrative responsibilities for NOVA and therefore is

covered by ERISA.

ERISA provides that:

> The terms “employee welfare benefit plan” and “welfare plan” mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C. § 1002(1). The Supreme Court has held that:

> The requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer’s obligation. The employer assumes no responsibility to pay benefits on a regular basis, and thus faces no periodic demands on its assets that create a need for financial coordination and control. Rather, the employer’s obligation is predicated on the occurrence of a single contingency that may never materialize. The employer may well never have to pay the severance benefits. To the extent that the obligation to do so arises, satisfaction of that duty involves only making a single set of payments to employees at the time the plant closes. To do little more than write a check hardly constitutes the operation of a benefit plan. Once this single event is over, the employer has no further responsibility. The theoretical possibility of a one-time obligation in the future simply creates no need for an ongoing administrative program for processing claims and paying benefits.

Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987) (footnote omitted). See also Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1538 (3d Cir. 1992) (“severance benefits do not implicate ERISA unless they require the establishment and maintenance of a separate and ongoing administrative scheme”).

Thus, whether the retirement incentive plan in this case is covered by ERISA depends upon whether it required merely a one-time lump sum payment or the establishment and maintenance of an ongoing administrative scheme. In evaluating whether a severance benefits

plan qualifies as an ERISA-covered plan, "a court must look to the plan as a whole, not just how a plaintiff's specific circumstances play out under that plan." Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 717 (D.N.J. 2004).

Defendant argues that Plaintiff alleges that it did not exercise discretion with respect to accepting employees for the plan (despite the fact that the memorandum describing the plan stated that the company "will review all applications for the [plan] and, depending on the number of applicants and operational needs, determine which applications will be accepted"). Therefore, it contends that the plan is like the one at issue in Williamson v. GTE Products Corp., 955 F. Supp. 364 (M.D. Pa. 1997), in which the court stated that, although the plan appeared to authorize discretion by the company in determining eligibility, in fact all employees who applied for the plan were accepted and therefore it was not an ERISA plan. Id. at 369. Defendant argues that "[t]his management decision made eligibility automatic, and therefore, the district [court] held that it brought the incentive program with the Fort Halifax/Angst line of cases. Since it was not an ERISA severance pay plan, the court held that it did not have subject matter jurisdiction." (Docket No. 4 at 4.)

This is not an accurate description of the Williamson case. Rather, the court's conclusion was based primarily on the fact that the plan involved a one-time payment of benefits and the continuation of already existing benefits, not the establishment of a new administrative scheme. 955 F. Supp. at 372-73. In addition, Defendant suggests in a footnote that if it did reserve discretion about whom it would permit to participate, Plaintiff could not state a claim. (Docket No 4 at 5 n.2.) Following this line of reasoning, no employee could ever maintain an ERISA claim for breach of fiduciary duty arising out of misrepresentations concerning a severance plan,

because participation would either be automatic (in which case the plan would not be an ERISA plan, according to Defendant's reading of Williamson) or discretionary with the company (in which case it would be an ERISA plan but the employee could not state a claim because of the discretion). No case has so held.

Moreover, Plaintiff notes that the plan is not just limited to a one-time lump sum payment of benefits. Rather, it involves: the calculation of pension credits, medical and dental payments which could only be provided by the periodic payment of insurance premiums and the administration of a stock option program. (Compl. Ex. A.) He cites Cureton v. Verizon Service Corp., 2005 WL 1785302 (E.D. Pa. July 25, 2005), as an analogous situation: the case concerned a severance program with a single lump sum payment, but the court found the plan covered by ERISA because there was an ongoing program that involved rules for eligibility, an appeals process, the calculation of differing amounts to be paid to employees, differing timing of payments based on varying circumstances and the exercise of discretion with respect to the receipt of severance benefits. Id. at *3.

Plaintiff has pointed to evidence that the plan involved more than a single lump sum payment of benefits. Defendant has not responded to this argument. Therefore, the plan is covered by ERISA and Defendant's motion to dismiss pursuant to Rule 12(b)(1) should be denied.

Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be

granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). See also National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.... [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Thus, the Court may examine the document that is attached to the complaint: NOVA's July 17, 2006 memorandum to employees describing the plan.

Defendant notes that Plaintiff has alleged a claim of breach of fiduciary duties imposed on it under 29 U.S.C. § 1104(a)(1), but seeks a monetary judgment in the amount of $95,224.64, plus interest and attorney fees. Therefore, it contends that Plaintiff cannot state a claim to recover this form of relief.

ERISA provides that a claim may be brought:

> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...

29 U.S.C. § 1132(a).

Although § 1132(a)(2) allows a beneficiary to sue for "appropriate relief" under ERISA § 1109, the Supreme Court has held that § 1109 authorizes relief only for the plan itself, not extra-contractual damages to a beneficiary. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985). Therefore, Plaintiff could not state a claim under § 1132(a)(2) based on NOVA's alleged breaches of its fiduciary duties to him.

In his response, Plaintiff asserts that his claim is based on § 1132(a)(3). A beneficiary can state a claim for breach of fiduciary duty pursuant to § 1132(a)(3)(B). To state a claim under this subsection, a plaintiff must allege that: 1) the defendant is an ERISA fiduciary; 2) the defendant made a misrepresentation; 3) the misrepresentation was a material one; and 4) the plaintiff detrimentally relied on the misrepresentation. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 384 (3d Cir. 2003) (citation omitted).

Defendant does not argue that Plaintiff has failed to allege these elements, and a review of the complaint reveals that he has done so. It argues, however, that the Supreme Court has held that monetary damages are not available under § 1132(a)(3)(B), which refers to "other appropriate equitable relief." Plaintiff's primary demand for relief is monetary damages for severance benefits to which he alleges he is entitled. Defendant points to the Supreme Court's pronouncement that, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 214 (2002) (footnote omitted).

Plaintiff notes that, in Sereboff v. Mid-Atlantic Medical Services, Inc., 126 S.Ct. 1869

(2006), the Supreme Court distinguished Knudson and held that the relief sought was equitable in nature. In Sereboff, as in Knudson, an ERISA fiduciary brought suit to be reimbursed from plan beneficiaries who had been paid medical benefits arising out of an automobile accident and then recovered proceeds in a settlement with the tortfeasor. In Knudson, the Court held that the fiduciary could not proceed in equity because it could not seek to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession. This resulted from the fact that the funds at issue were not in the beneficiary's possession, but had instead been placed in a "Special Needs Trust" under California law. In Sereboff, by contrast, the funds sought were in the possession and control of the beneficiaries, namely that portion of the tort settlement due under the terms of the ERISA plan and preserved in their investment accounts.

In this case, Plaintiff has identified a distinct fund in the hands of Defendant and that portion of the fund which belongs to him. (Compl. ¶¶ 11, 24.) Thus, this case more closely resembles Sereboff rather than Knudson. In addition, it is noted that neither case is entirely on point as they deal with actions by fiduciaries against beneficiaries to recover benefits paid, rather than by beneficiaries against fiduciaries for misrepresentations made.

In Varity Corp. v. Howe, 516 U.S. 489 (1996), individual beneficiaries of an employee benefit plan sought equitable relief when the employer misled them into transferring their benefits to a plan offered by a new entity by assuring them that their benefits would remain secure. The Supreme Court held that the beneficiaries could bring suit for breach of fiduciary duty under § 1132(a)(3). In responding to the argument that every plaintiff would thereafter claim that an administrator's denial of benefits constituted a breach of fiduciary duty, the Court emphasized that

> the statute authorizes "*appropriate*" equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."
>
> But that is not the case here. The plaintiffs in this case could not proceed under the *first* subsection because they were no longer members of the ... plan and, therefore, had no "benefits due [them] under the terms of [the] plan." § 502(a)(1)(B). They could not proceed under the *second* subsection because that provision, tied to § 409, does not provide a remedy for individual beneficiaries. They must rely on the third subsection or they have no remedy at all. We are not aware of any ERISA-related purpose the denial of a remedy would serve. Rather, we believe that granting a remedy is consistent with the literal language of the statute, the Act's purposes, and pre-existing trust law.

Id. at 515 (citations omitted).

Similarly, Plaintiff has alleged that, as a result of the Defendant's misrepresentations, he took early retirement and lost his opportunity to become a member of the retirement incentive plan. He could not bring an action under § 1132(a)(1) to recover benefits, nor could he bring an action under § 1132(a)(2) because it does not provide a remedy for individual beneficiaries. Therefore, an action under the third subsection remains available to him and, should he prevail, the Court would fashion appropriate equitable relief. See Adams v. Brink's Co., 372 F. Supp. 2d 854, 907 (W.D. Va. 2005) (appropriate relief would be to restore former employee to position he would have been in had misrepresentations about benefits not been made and he would not have taken early retirement). Defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of Defendant be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: March 5, 2007